IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY J. STANLEY, | No. 2:12-CV-2272-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SOLANO COUNTY JAIL, et al., | |
| Defendants. | |
| _____ / | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are several miscellaneous motions plaintiff has filed requesting certain privileges (Docs. 13, 26, 27).  Plaintiff requests the court allow him phone privileges and a court runner, attend hearings and he is requesting the court enter certain documents into evidence.

       Plaintiff filed this action while an inmate at the Solano County Jail.  Since that time, however, the court has been notified by the Jail that plaintiff has been released.  Plaintiff previously informed the court that his address had changed.  He has not, however, filed a recent change of address following his release from the Solano County Jail.  Pursuant to Eastern District of California Local Rule 183(b), any party appearing pro se shall keep the court and opposing

1

parties advised as to his current address.  Failure to do so may result in the dismissal of the action.

In addition, the privileges plaintiff seeks are no longer relevant if he is not incarcerated.  As the court has no way of knowing whether plaintiff remains incarcerated somewhere other the Solano County Jail, reviewing his requests for certain privileges is moot and those requests will be denied.

Finally, as to plaintiff's request for the court to accept certain documents as evidence, the proper time to submit evidence is in support of a motion for summary judgment or at trial.  Submission of evidence for the court to simply hold is not a proper request.  The motion for the court to accept the documents as evidence will therefore be denied.

According to the above, IT IS HEREBY ORDERED that:

1. Plaintiff inform the court as to his current address pursuant to Local Rule 183(b);

2. Plaintiff's motion for telephone privileges, a court runner and attendance at hearings (Docs. 13, 27) are denied as moot; and

3. Plaintiff's motion for the court to accept evidence (Doc. 26) is denied as an improper motion.

DATED:  September 30, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE